UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| RAYMOND J. BERGERON-DAVILA,<br><br>                                 Plaintiff,<br>v.<br><br>CHRISTOPHER SCHMALING, DOUGLAS WEARING, LT. BRADLEY FRIEND, C.O. ZIMMER, and JOHN DOES,<br><br>                                Defendants. | Case No. 16-CV-1665-JPS<br><br><br><br>**ORDER** |

      The plaintiff, who is incarcerated at Columbia Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. (Docket #17). This matter comes before the Court on the plaintiff's motion to proceed *in forma pauperis*. (Docket #2). The plaintiff has been assessed and paid an initial partial filing fee of $1.08. 28 U.S.C. § 1915(b)(4).

      The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Gladney v. Pendelton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327; *Gladney*, 302 F.3d at 774. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (citations omitted); *accord Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S.

at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted); *Christopher*, 384 F.3d at 881.

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal,* 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the Court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The Court screens the plaintiff's amended complaint filed on March 3, 2017. (Docket #17). The focus of the complaint is plaintiff's suicide attempts and the defendants' indifference thereto while he was incarcerated in the Racine County Jail (the "Jail"). The complaint is overlong and difficult to parse; it is forty pages, single-spaced, and entirely handwritten. Nevertheless, the Court gleans a number of overarching allegations. The first

Page 3 of 11

Case 2:16-cv-01665-JPS   Filed 03/07/17   Page 3 of 11   Document 21

theme of the plaintiff's complaint is that he believes certain cells and common areas are improperly designed. Namely, he contends that certain cell doors allow inmates to pass objects underneath them, giving the plaintiff access to weapons with which to harm himself. *Id.* at 5-7. The second theme is directed at the defendants' allegedly inadequate search of the dayroom between each inmate's hour of recreation time. *Id.* at 7. This resulted in other inmates leaving objects behind in the dayroom for plaintiff to obtain and use in self-harming episodes. *Id.* Finally, the plaintiff complains that non-suicidal inmates were housed near him, and that those inmates would goad him into suicidal acts. *Id.* at 4.

The specific examples the plaintiff presents are as follows. In the early fall of 2015, while on suicide watch, the plaintiff obtained two pieces of metal. *Id.* at 8. He did so by finding them in the dayroom during his recreation time. *Id.* The correctional officers on duty did not search the dayroom before letting the plaintiff in for recreation, which he alleges they should have done. *Id.* He stabbed himself with the metal pieces. *Id.* He was taken to a hospital for treatment. *Id.* at 9. The plaintiff maintains that the defendants were all aware of his risk of suicide because of his repeated letters to them, but they did not do enough to prevent this incident. *Id.* Finally, he alleges that mental health treatment staff refused to treat his mental disorders, leading to later suicide attempts. *Id.* at 10.

On November 20, 2015, the plaintiff alleges he was bullied by non-suicidal inmates housed near him in the suicide watch unit. *Id.* at 12-13. Because of their taunting, the plaintiff apparently cut himself. *Id.* Again, he alleges that the defendants were on notice of the issue because he sent letters

to them, but nothing was done to separate him from his tormentors. *Id.* The plaintiff further alleges that the defendants held weekly team meetings wherein they affirmed his housing assignment despite knowing its danger to him. *Id.* at 15. He states that this incident caused him great pain though he was not offered any medication to abate it. *Id.* at 15-16.

The final specific episode occurred the next day, November 21, 2015. *Id.* at 17. It is unclear precisely how he obtained the weapon for this episode. At one point, the plaintiff alleges that it was the same weapon he used the previous day, which was inexplicably left in his possession. *Id.* at 19. Later, he states that another prisoner slid a weapon under his cell door. *Id.* at 29. In any event, he cut his arm, again causing pain and psychological distress. *Id.* at 20. As to each of these incidents, the plaintiff alleges that safer cell assignments were available but were not chosen. *See, e.g., id.* at 15-16, 21.

The plaintiff explains which of the various Doe defendants were involved in each incident. As to the named defendants, only C.O. Zimmer appears to have been directly involved in any of the incidents. *Id.* at 12, 17. The plaintiff alleges that Christopher Schmaling ("Schmaling"), Douglas Wearing ("Wearing"), and Lt. Bradley Friend ("Friend") were among those on notice of his suicide risk by his previous letters. Further, plaintiff alleges that Schmaling, Racine County's sheriff, is "responsible for misuse of his jailspace." *Id.* at 24. Wearing, an "administrative captain" for the Jail, "has the say so authority to place plaintiff where in the jail and . . . used . . . unsafe cells" causing his suicide attempts. *Id.* at 25. Wearing also approved the recommendation of the Doe defendants regarding his placement in unsafe cells. *Id.* Finally, Friend was "in charge of investigations surrounding all of

plaintiff's suicide attempts" and knew, through that work, that the plaintiff presented a serious risk of suicide. *Id.* at 26-27.

The plaintiff's allegations suffice at the screening stage to state a claim for the defendants' deliberate indifference to his serious medical need—here, his risk of suicide—in violation of the Eighth Amendment. *Sanville v. McCaughtry*, 266 F.3d 724, 733 (7th Cir. 2001). To state a claim of deliberate indifference to a serious medical need, the plaintiff must show: (1) an objectively serious medical condition; (2) that the defendants knew of the condition and were deliberately indifferent in treating it; and (3) this indifference caused the plaintiff some injury. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). The deliberate indifference inquiry here, like that applicable to conditions of confinement, has two components. "The official must have subjective knowledge of the risk to the inmate's health, and the official also must disregard that risk." *Id.* Even if an official is aware of the risk to the inmate's health, "he is free from liability if he 'responded reasonably to the risk, even if the harm ultimately was not averted.'" *Id.* (quoting *Farmer*, 511 U.S. at 843). Negligence cannot support a claim of deliberate indifference, nor is medical malpractice a constitutional violation. *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976); *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011).

Construing the plaintiff's allegations liberally, the Court finds that he should be permitted to proceed on this claim. *See Estate of Novack ex rel. Turbin v. County of Wood*, 226 F.3d 525, 529 (7th Cir. 2000) ("In order to be liable under the Eighth Amendment, a prison official must be cognizant of the significant likelihood that an inmate may imminently seek to take his own

life and must fail to take reasonable steps to prevent the inmate from performing this act."). He alleges that each defendant was aware of his suicide risk and did not take action sufficient to abate it. It may be that some of the defendants were not personally involved in the alleged constitutional violations. As to those that were, they may have responded adequately to the plaintiff's threats of suicide and acts of self-harm, or it may be that the plaintiff's version of events is inaccurate. However, given the low bar applied at the screening stage, the Court finds it appropriate to let this claim proceed.

The Court further finds that the plaintiff may proceed against Schmaling in his official capacity on his overarching policy complaints. A suit against Schmaling in his official capacity is akin to a suit against Racine County itself. *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008). Local government entities, such as municipalities and counties, cannot be held vicariously liable for constitutional violations committed by their employees. *Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). Such entities can, nevertheless, be liable under Section 1983 if "the unconstitutional act complained of is caused by: (1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Thomas v. Cook County Sheriff's Dept.*, 604 F.3d 293, 303 (7th Cir. 2009) (citing *Monell*, 436 U.S. at 690). The plaintiff's allegations plausibly state that the Jail's policies caused or at least contributed to his injuries. As above, whether this is borne out by the relevant evidence remains to be seen. The plaintiff may not proceed on an official

Page 7 of 11

Case 2:16-cv-01665-JPS   Filed 03/07/17   Page 7 of 11   Document 21

capacity claim against any of the other defendants, as this would be redundant.

In sum, the Court finds that the plaintiff may proceed on the following claims:

**Claim Number One:** Deliberate indifference to the plaintiff's serious medical needs, in violation of the Eighth Amendment, against each of the defendants; and

**Claim Number Two:** Implementation of policies or practices which were the moving force behind the alleged constitutional violations against the defendant Christopher Schmaling.

The Court will also address the plaintiff's other pending motions. On December 22, 2016, he filed a motion for an injunction against the defendants for housing him in allegedly unsafe cells. (Docket #6). This motion must be denied as moot. The plaintiff is no longer housed at the Jail. The plaintiff also submitted a motion related to providing his trust account statement which is similarly moot. (Docket #9).

Finally, the plaintiff has filed multiple motions for appointment of counsel. (Docket #8 and #13). As a civil litigant, the plaintiff has no automatic right to court-appointed counsel. *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). However, under 28 U.S.C. § 1915(e)(1), the "court may request an attorney to represent any person unable to afford counsel." The court should seek counsel to represent the plaintiff if: (1) he has made reasonable attempts to secure counsel; and (2) "'the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to

coherently present it.'" *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc)).

The Court will deny the plaintiff's motions under the second prong of the *Pruitt* test. As to the first prong, it appears that the plaintiff has made efforts to obtain counsel for himself. *See* (Docket #19). As to the second prong, the plaintiff cites his mental illness and the complexity of this case as reasons supporting counsel appointment. *See* (Docket #13 at 1-3). At this stage, the plaintiff has not shown that the case exceeds his capacity to present it. He has filed motions and other pleadings, submitted an amended complaint, and responded to court orders as he deems appropriate. *See* (Docket #6, #7, #8, #9, #13, #17, and #19). Further, the plaintiff has marshaled evidence and argument (even if inadequate to warrant granting his requested relief) in a cogent, if not always legible, manner. As such, the Court concludes that recruitment of counsel is not necessary at this time. The plaintiff's motions to appoint counsel will be denied without prejudice.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motions for a preliminary injunction (Docket #6) and for an extension of time (Docket #9) be and the same are hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that the plaintiff's motions for appointment of counsel (Docket #8 and #13) be and the same are hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon the defendants pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service;

**IT IS FURTHER ORDERED** that the defendants shall file a responsive pleading to the complaint;

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined;

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS; doing so will only delay the processing of this matter. As each filing will be electronically scanned and entered on the docket upon receipt by the Clerk of Court, the plaintiff need not mail copies to the defendants. All defendants will be served electronically through the Court's electronic case filing system. The plaintiff should also retain a personal copy of each document filed with the Court.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties, and may result in dismissal of this action for failure to prosecute the same.

Dated at Milwaukee, Wisconsin, this 7th day of March, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge