# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RAYMOND J. BERGERON DAVILA,

    Plaintiff,

v.

CHRISTOPHER SCHMALING,
DOUGLAS WEARING, LT.
BRADLEY FRIEND, C.O. JOSEPH
ZIMMER, and JOHN DOES

    Defendants.

Case No. 16-CV-1665-JPS

**ORDER**

On April 14, 2017, Plaintiff filed a motion for leave to amend his complaint. (Docket #39). Plaintiff's proposed second amendment is intended to clear up certain areas of the first amended complaint which were difficult to read. *Id.* at 2.[1] Plaintiff also attaches additional exhibits to the second amended complaint. *Id.* at 3. Finally, the second amended complaint provides further explanation of each of the claims Plaintiff wishes to pursue. *Id.* For these reasons, and in light of the early stage of this litigation, the Court finds it appropriate to grant Plaintiff leave to file a second amended complaint. Fed. R. Civ. P. 15(a)(2).

As noted in the first screening order, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). This includes Plaintiff's proposed second amended complaint. The Court must dismiss a complaint, or portion thereof, if the prisoner has

---

[1] The first amended complaint was filed on March 3, 2017, and no leave was required to do so. *See* Fed. R. Civ. P. (a)(1).

raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). All of the standards cited in the first screening order remain applicable here. (Docket #21 at 1-3).

The factual allegations of the second amended complaint are largely identical to those in the first. (Docket #39-1). For brevity's sake, the Court includes by reference its factual discussion from the first screening order. (Docket #21 at 3-6). Within those allegations, the Court discerned two viable claims. *Id.* at 8. The first was for each of the Defendants deliberate indifference to Plaintiff's various forms of suicide risk, and the second was an official capacity claim against Defendant Christopher Schmaling ("Schmaling") for any potential injunctive relief. *Id.*

Plaintiff's motion for leave to amend included a helpful list of changes in his second amended complaint, revealing that most are concerned with clarifying the specific claims he wishes to advance. (Docket #39 at 5-8). The list shows that Plaintiff wishes to proceed on the following claims which were not identified in the Court's first screening order: 1) failure to protect Plaintiff from other inmates' bullying, housing conditions which facilitated self-harm, and clothing which could be used for self-harm; 2) a "deprivation of equal rights;" and 3) permitting official capacity claims to proceed against additional defendants. The Court address each in turn.

Plaintiff's allegations reveal that he feels he was treated differently than other suicidal inmates. *See* (Docket #39-1 at 13). Such a claim would fall under the Equal Protection Clause of the Fourteenth Amendment. In this context, Plaintiff asserts a "class-of-one" style claim, wherein he must prove that he was "intentionally treated differently from others similarly

situated and that there is no rational basis for the difference in treatment." *Engquist v. Ore. Dep't of Agr.*, 553 U.S. 591, 601 (2008). While most circuits require highly specific allegations regarding the "similarly situated" element to validly state such a claim, the Seventh Circuit has set an extremely low pleading standard. *Geinosky v. City of Chicago*, 675 F.3d 743, 747-48 (7th Cir. 2012). Consequently, though Plaintiff's allegations are vague as to the identity of any comparators, and the precise difference in treatment they received, it must allow him to proceed on the claim at this time.

Plaintiff may not proceed on his other proposed claims. First, Plaintiff's desired failure-to-protect claims are duplicative of the already existing deliberate indifference claim. All center on Plaintiff's self-harming activity and all are subject to the same standards of proof under the Eighth Amendment. *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). All of Plaintiff's failure-to-protect concerns are subsumed into his deliberate indifference claim. Second, only one official capacity claim is necessary. Suits against county employees in their official capacity are suits against the county itself. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 n.55 (1978). Schmaling, as Sheriff of Racine County, is the only appropriate defendant. *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).

Plaintiff's operative claims are now the following (this supersedes the previous statement of claims in the March 7, 2017 screening order):

**Claim Number One**: Deliberate indifference to Plaintiff's serious medical needs, in violation of the Eighth Amendment, against each of the Defendants;

**Claim Number Two**: Intentionally treating Plaintiff differently than other similarly situated persons with respect to suicide prevention, in violation of the Fourteenth Amendment, against each of the Defendants; and

**Claim Number Three**: Implementation of policies or practices which were the moving force behind the alleged constitutional violations, against Defendant Christopher Schmaling.

The Court will further address Plaintiff's other pending motions. On March 14, 2017, Plaintiff filed a motion to alter the Court's March 7, 2017 screening order in this matter. (Docket #26). With the Court's acceptance of the second amended complaint, this motion has become moot. On March 17, 2017, Plaintiff filed another similar motion, this time requesting alteration of the Court's screening order with relation to the Court's ruling on his motion for an injunction against Racine County Jail (the "Jail"). (Docket #27). The Court denied the motion for an injunction as moot because Plaintiff was not (and is not now) housed at the Jail. (Docket #21 at 8). Plaintiff's motion to amend that ruling states that he returns to the Jail on occasion, without specifying any particular times or dates, in order to appear on criminal cases. (Docket #27). He also claims to be a "regular" at the Jail because when not incarcerated, he is arrested frequently. *Id.*

Even generously reviewing the motion for injunction anew and on its merits, it must be denied. Plaintiff must establish the following to warrant entry of the requested preliminary injunction: "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *D.U. v. Rhoades*, 825 F.3d 331, 335 (7th Cir. 2016) (quoting *Winter v. Natural Res. Defense Council, Inc.*,

555 U.S. 7, 20 (2008)). "A preliminary injunction ordering [a] defendant to take an affirmative act rather than merely refrain from specific conduct," as is the case here, "is 'cautiously viewed and sparingly issued.'" *Knox v. Shearing*, 637 F. App'x 226, 228 (7th Cir. 2016) (quoting *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997)).² A preliminary injunction is "an extraordinary remedy and is never awarded as of right." *Id.* (quoting *Winter*, 555 U.S. at 24).

First, beyond his speculation that he will return to the Jail for court dates or as a "regular," Plaintiff provides no specific dates for any return to the Jail. *See* (Docket #27). The lack of a potential future injury undermines his claim for an injunction. *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) ("Higgason stated in response to the summary judgment motion that 'upon his release from disciplinary segregation [at WVCI], his return to the parent institution from whence he came [ISP] is a virtual certainty.' However, such an allegation does not amount to a 'showing' or a 'demonstration' of the likelihood of retransfer; Higgason has not pointed to anything in the record supporting his estimate of 'virtual certainty.'").

Second, the Court cannot conclude that Plaintiff has shown anything approaching a likelihood of success on the merits. See (Docket #6, #17, and #27). This requires evidence, not merely allegations, and the only evidence supporting Plaintiff's claims at this stage is his own testimony. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 682-83 (7th Cir. 2012). Finally,

---

²Plaintiff requests, *inter alia*, that the Jail change the way it assigns suicidal and non-suicidal inmates to cells, make alterations to cell doors to prevent items being passed in and out of cells, and reconstruct the cells in the suicide housing units to make it more difficult to commit suicide within them (by moving air vents, for example). (Docket #6 at 3).

the weakness of the merits issue is viewed in combination with Plaintiff's failure to demonstrate that money damages would be an inadequate remedy. *Rhoades*, 825 F.3d at 338 (Seventh Circuit's sliding scale approach considers the merits and irreparable harm issues together). Because of the nebulous possibility of his return to the Jail for any extended period, and the cautious approach required for issuing preliminary injunctions which require affirmative acts, the Court concludes that Plaintiff has not shown a likelihood of irreparable harm. The motion to alter the Court's ruling on Plaintiff's motion for an injunction will be denied.

Also on March 17, 2017, Plaintiff requested reconsideration of the Court's denial of his motion for appointment of counsel. (Docket #28). He complains that if he is placed on suicide watch, he may miss a deadline in this matter. *Id.* This statement does not change the Court's analysis under the *Pruitt* test. *See* (Docket #21 at 8-9). The Seventh Circuit has emphasized that "[t]he question is not whether a lawyer would present the case more effectively than the pro se plaintiff; 'if that were the test, district judges would be required to request counsel for every indigent litigant.'" *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (quoting *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)) (internal quotation omitted). Instead, "[t]he question is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Id.* Plaintiff's submissions show that he is more than capable of preparing filings and making arguments he believes are appropriate without the assistance of counsel. *See* (Docket #26, #27, #28, #39, #46, #47, #49, and #50). The Court will not use this District's extremely limited resources to appoint counsel for Plaintiff

based on his speculation that he may miss deadlines. Plaintiff's motion for reconsideration of the Court's ruling on his request for appoint counsel will be denied. Further, the Court notes that it will not consider any additional motions for appointment of counsel until discovery has closed in this matter. (Docket #51 at 6).

On April 21, 2017, Plaintiff moved the Court to order him examined by a doctor to determine the severity of his self-harming activity. (Docket #46). Plaintiff cites Rule 35 for support of this request. *Id.* However, that Rule exists to allow a party to demand examination of an *opposing* party; it is not intended to permit a plaintiff to seek a medical examination for himself. *See* Fed. R. Civ. P. 35. In any event, Rule 35 requires that a motion made pursuant to the Rule identify the "time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." *Id.* (a)(2)(B). Plaintiff's motion lacks this information.

It appears that Plaintiff actually wants the Court to appoint a medical expert to examine him. A court can appoint an expert pursuant to Federal Rule of Evidence 706 "to help sort through conflicting evidence, . . . but it need not appoint an expert for a party's own benefit or to explain symptoms that can be understood by a layperson[.]" *Turner v. Cox*, 569 F. App'x 463, 468 (7th Cir. 2014). Appointment of an expert is a matter left to the Court's discretion. *Id.* The Court declines to appoint a medical expert in this matter. Plaintiff's request is simply one for his own benefit so that he may avoid having to retain an expert himself. Thus, under either Rule 35 and *Turner*, Plaintiff's motion for a medical examination must be denied.

On May 1, 2017, Plaintiff filed two motions related to the Doe defendants. The first requests assistance in identifying those defendants. (Docket #49). The Court cannot give Plaintiff legal advice in this regard, and

instead refers him to the Court's trial scheduling order, (Docket #51 at 2-3), the litigation guides attached thereto, (Docket #51-6 and #51-7), and the Federal Rules of Civil Procedure for discovery matters, Fed. R. Civ. P. 26-37. The second motion asks for entry of default judgment against the Doe defendants. (Docket #50). The Doe defendants are fictitious persons (acting as placeholders) and they need not answer Plaintiff's complaint until he identifies them, amends his complaint to reflect their discovered identities, and they are served with that amended complaint. Default judgment is thus inappropriate at this stage and Plaintiff's motion seeking it must be denied.

The Court will deny Plaintiff's motion to stay these proceedings, which he requested pending a ruling on his motion to amend his complaint and for recusal. (Docket #47). Both of those motions are addressed herein, and so the request for a stay is moot. Finally, as just noted, Plaintiff's motion to stay mentions a motion for recusal. *Id.* at 1. It appears Plaintiff references his April 11, 2017 "request for a response to my pending motions." (Docket #37) (capitalization altered). Though not posed as a motion for recusal, the Court will address it as such.

The standards governing a judge's recusal are set out in 28 U.S.C. Sections 144 and 455. Section 144 requires a judge to recuse himself for "personal bias or prejudice." 28 U.S.C. § 144. Section 455(a) requires a federal judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned," and Section 455(b)(1) provides that a judge shall disqualify himself if he "has a personal bias or prejudice concerning a party." *Id.* § 455(a) and (b)(1). Because the phrase "personal bias or prejudice" found in Section 144 mirrors the language of Section 455(b), they may be considered together. *Brokaw v. Mercer County*, 235 F.3d 1000, 1025 (7th Cir. 2000). In deciding whether a judge must

disqualify himself under Section 455(b)(1), the question is whether a reasonable person would be convinced the judge was biased. *Hook v. McDade*, 89 F.3d 350, 355 (7th Cir. 1996) (internal quotation omitted). Recusal under Section 455(b)(1) "is required only if actual bias or prejudice is proved by compelling evidence." *Id.*

Plaintiff's arguments do not merit recusal under either statute. Plaintiff complains that the Court has denied his various motions and requests, allegedly by overlooking certain aspects of his filings. (Docket #37). He further criticizes the Court's orders, claiming that they did not sufficiently explain the reasons for its decisions. *Id.* Adverse rulings are not a ground for recusal and show no bias in and of themselves. *Liteky v. United States*, 510 U.S. 540, 555-56 (1994). Plaintiff points to no other considerations which would support a reasonable person's conclusion that the Court is biased against him. The motion for recusal will be denied.

Lastly, on May 22, 2017, Plaintiff submitted a request to have certain discovery materials returned to him. (Docket #54). Plaintiff had improperly attempted to file such materials with the Court, when they should have been sent directly to Defendants. (Docket #48). The Court will grant Plaintiff's request, but the Court warns Plaintiff that it will not do so in the future. If Plaintiff files a document with the Court or sends it to an opposing party, he must keep a copy of the document for his own records.

Accordingly,

**IT IS ORDERED** that Plaintiff's motions to alter or reconsider the Court's March 7, 2017 initial screening order (Docket #26 and #27) be and the same are hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for reconsideration of his motion for appointment of counsel (Docket #28) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for recusal (Docket #37) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to file an amended complaint (Docket #39) be and the same is hereby **GRANTED**, and the Second Amended Complaint shall become the operative pleading in this matter;

**IT IS FURTHER ORDERED** that Plaintiff's motion for an examination (Docket #46) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to stay (Docket #47) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for production of information or for appointment of counsel (Docket #49) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for default judgment (Docket #50) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for return of documents (Docket #54) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that the Clerk of the Court shall send Plaintiff the discovery documents he filed on April 20, 2017 (Docket #41, #42, #43, #44, and #45).

Dated at Milwaukee, Wisconsin, this 24th day of May, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge