# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RAYMOND J. BERGERON DAVILA,

        Plaintiff,

v.

CHRISTOPHER SCHMALING, DOUGLAS WEARING, LT. BRADLEY FRIEND, C.O. JOSEPH ZIMMER, and JOHN DOES

        Defendants.

Case No. 16-CV-1665-JPS

**ORDER**

Four motions by Plaintiff are pending before the Court. The first is captioned a motion to subpoena documents and sanction Defendants. (Docket #60). Plaintiff requests that the Court order Plaintiff's public defender in state criminal proceedings, Melissa Frost ("Frost"), to return some documents to him. *Id.* Plaintiff suggests that Defendants have colluded with Frost to keep those materials from him. *Id.* In fact, he states that Frost told him that Defendants paid her to hold the documents. *Id.* Defendants deny this and their counsel avers that she has never met Frost. (Docket #65). The Court must deny both parts of Plaintiff's motion. Frost is a non-party to this action and thus the Court cannot directly order her to do anything. Further, the Court does not issue subpoenas of its own accord. Finally, nothing other than Plaintiff's declaration (containing hearsay statements from Frost) supports any finding of wrongdoing by Defendants, and this is insufficient to warrant sanctions.

The final three motions are motions to compel. (Docket #62, #63, and #73). Each must be denied for two reasons. First, none reflect any attempt

to comply with Civil Local Rule 37, which requires good faith efforts to resolve discovery disputes prior to seeking Court intervention, and a certification to that effect in any discovery motion. *See* Civil L. R. 37. Second, even if Plaintiff's motions complied with Civil Local Rule 37, they are meritless in substance. Plaintiff's discovery requests were, at best, vague and difficult to understand. *See, e.g.*, (Docket #62-1 at 2) (Plaintiff's Interrogatory No. 2: "How are the 2d and 3d suicide pods and its other (cells 11-18) hours conducted describing it's operations how hours are conducted – provided to the inmates thereat those locations."). Defendants nevertheless tried to provide Plaintiff with ample responsive material. *See, e.g., id.* (Defendants' Response to Interrogatory No. 2: "Objection, Interrogatory No. 2 is unclear, vague and ambiguous. Subject to and without waiving any objections, for safety and security hours out for cells 19 and 20 are random. As to the remainder of 2D and 3D, there is no consistency in the classification of inmates housed in these units and, therefore, the timeline for each varies. The 2D and 3D schedule is also dependent on visitor schedules."). Plaintiff's rambling motions simply disagree with those responses, rather than actually raising legal grounds for finding the responses insufficient.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for a subpoena and for sanctions (Docket #60) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff's motions to compel (Docket #62, #63, and #73) be and the same are hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 2nd day of August, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge