# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RAYMOND J. BERGERON DAVILA,

    Plaintiff,

v.

CHRISTOPHER SCHMALING, DOUGLAS WEARING, LT. BRADLEY FRIEND, C.O. JOSEPH ZIMMER, and JOHN DOES.

    Defendants.

Case No. 16-CV-1665-JPS

**ORDER**

On August 18, 2017, Plaintiff filed three motions to compel directed to Defendants. (Docket #77, #78, and #79). The latter two must be denied out of hand for Plaintiff's failure to comply with Civil Local Rule 37, which he does not contest. *See* (Docket #78 and #79) (providing no indication of an attempt to resolve Plaintiff's disputes prior to filing the motions); (Docket #84 at 2-3) (Defendants note that they received no Local Rule 37 communication from Plaintiff for those motions); (Docket #88 at 3) (Plaintiff "drops" the contentions in those motions). The Court had previously informed Plaintiff that he must provide a certification in accordance with Local Rule 37 for each discovery motion. (Docket #76 at 1-2). The Court warns Plaintiff that he, like any litigant, is subject to sanctions for frivolous filings. *See In re Green*, 42 F. App'x 815 (7th Cir. 2002). If he offers additional motions to compel which do not comport with the federal and local rules of procedure, simply withdrawing those motions will not be enough to save him from an appropriate sanction.

Only Plaintiff's first motion in this set was preceded by a Rule 37 communication. Within that motion, the only argument Plaintiff desires to pursue is with respect to his request for video footage of the November 20 and 21, 2015 self-harm incidents. (Docket #77 at 2; Docket #88). Defendants state that no such footage exists. (Docket #84 at 3). In his reply, Plaintiff argues that Defendants were on notice of the need to save the footage and have either destroyed it or are intentionally refusing to produce it. (Docket #88). Towards the end of that document, Plaintiff seeks "sanctions for spoliation of evidence." *Id.* at 3. The motion before the Court is one to compel production of the video, not for spoliation. Defendants cannot produce what they do not have. The motion to compel must, therefore, be denied. An argument for spoliation sanctions must be pursued, if at all, in a motion specifically directed to that point.

Accordingly,

**IT IS ORDERED** that Plaintiff's motions to compel (Docket #77, #78, and #79) be and the same are hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 20th day of September, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge