# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RAYMOND J. BERGERON DAVILA,

                Plaintiff,

v.

CHRISTOPHER SCHMALING, DOUGLAS WEARING, LT. BRADLEY FRIEND, C.O. JOSEPH ZIMMER, and JOHN DOES,

                Defendants.

Case No. 16-CV-1665-JPS

**ORDER**

**1.**     **INTRODUCTION**

On December 14, 2016, Plaintiff filed his Complaint in this matter. (Docket #1). Plaintiff alleges that Defendants failed to appropriately address his self-harming activities while he was housed at Racine County Jail (the "Jail"). (Docket #21 at 3-5; Docket #55 at 2). On May 24, 2017, the Court screened Plaintiff's Second Amended Complaint and allowed him to proceed on a number of claims. (Docket #55 at 3-4). On October 6, 2017, Defendants moved for summary judgment on the basis of, *inter alia*, Plaintiff's failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). (Docket #101 and #103). Plaintiff filed nothing in response to the motion, and his time in which to do so has long since expired. Civ. L. R. 7(b). Plaintiff's failure to oppose Defendants' motion in any form, standing alone, warrants granting the motion. Civ. L.

R. 7(d). Nevertheless, on the undisputed facts presented, Plaintiff failed to exhaust his administrative remedies.[1]

## 2. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). A fact is "material" if it "might affect the outcome of the suit" under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The court construes all facts and reasonable inferences in the light most favorable to the non-movant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016).

## 3. BACKGROUND

### 3.1 Plaintiff's Failure to Dispute the Material Facts

The relevant facts are undisputed because Plaintiff failed to dispute them. In the Court's scheduling order, entered May 11, 2017, Plaintiff was warned about the requirements for opposing a motion for summary judgment. (Docket #51 at 3). Accompanying that order were copies of Federal Rule of Civil Procedure 56 and Civil Local Rule 56, both of which describe in detail the form and contents of a proper summary judgment submission. In Defendants' motion for summary judgment, they too

---

[1] Plaintiff filed his own motion for summary judgment on October 18, 2017. (Docket #110). This was five days beyond the dispositive motion deadline. *See* (Docket #100). Plaintiff's untimely motion must be denied without consideration of any merit therein.

warned Plaintiff about the requirements for his response as set forth in Federal and Local Rules 56. (Docket #101). He was provided with additional copies of those Rules along with Defendants' motion. *Id.* at 2-4. In connection with their motion, Defendants filed a supporting statement of material facts that complied with the applicable procedural rules. (Docket #102). It contained short, numbered paragraphs concisely stating those facts which Defendants proposed to be beyond dispute, with supporting citations to the attached evidentiary materials. *See id.*

As noted above, Plaintiff filed absolutely nothing in response to Defendants' motion, much less a response to their statement of facts. Despite being twice warned of the strictures of summary judgment procedure, Plaintiff ignored those rules by failing to properly dispute Defendants' proffered facts with citations to relevant, admissible evidence. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). Though the Court is required to liberally construe a *pro se* plaintiff's filings, it cannot act as his lawyer, and it cannot delve through the record to find favorable evidence for him. Thus, the Court will, unless otherwise stated, deem Defendants' facts undisputed for purposes of deciding their motion for summary judgment. *See* Fed. R. Civ. P. 56(e); Civ. L. R. 56(b)(4); *Hill v. Thalacker*, 210 F. App'x 513, 515 (7th Cir. 2006) (noting that district courts have discretion to enforce procedural rules against *pro se* litigants).

**3.2    Exhaustion of Prisoner Administrative Remedies**

It is helpful to review how the PLRA's exhaustion requirement plays out in the Jail prior to relating the relevant facts. The PLRA establishes that, prior to filing a lawsuit complaining about prison conditions, a prisoner must exhaust "such administrative remedies as are available[.]" 42 U.S.C. § 1997e(a). To do so, the prisoner must "file complaints and appeals in the

place, and at the time, the prison's administrative rules require," and he must do so precisely in accordance with those rules; substantial compliance does not satisfy the PLRA. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *Smith v. Zachary*, 255 F.3d 446, 452 (7th Cir. 2001); *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005). Failure to exhaust administrative remedies is an affirmative defense to be proven by Defendants. *Westefer v. Snyder*, 422 F.3d 570, 577 (7th Cir. 2005). Exhaustion is a precondition to suit; a prisoner cannot file an action prior to exhausting his administrative remedies or in anticipation that they will soon be exhausted. *Hernandez v. Dart*, 814 F.3d 836, 841-42 (7th Cir. 2016); *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). A lawsuit must be dismissed even if the prisoner exhausts his administrative remedies during its pendency. *Ford*, 362 F.3d at 398.

The Jail provides each inmate with a handbook which explains the grievance procedure.[2] When inmates believe they have a basis for a grievance, and informal resolution of the issue is not possible, they must submit a written complaint. The Jail requires inmates to use the "Inmate Request" form to offer a grievance. The grievance must be legible, include the inmate's housing location, be dated, signed, and submitted within seven days of the complained-of occurrence.

Once completed, the grievance must be submitted to Jail staff, who conduct an initial review of the request for compliance with Jail rules. If the form is properly filled out, the receiving officer initials the form, writes down their badge number, dates the form, and forwards it on for further review. A Jail sergeant provides a response for each legitimate complaint.

---

[2]These procedures, as well as the facts stated in Part 3.3 below, are drawn from Defendants' now-undisputed statement of facts. (Docket #102 at 1-4).

If the inmate is not satisfied with the sergeant's response, they may file an appeal with a Jail captain within seven days after the response was received.

Any grievances that do not follow the above-mentioned rules or that contain threats or profanity will not receive a response. If a grievance is not considered because it was filed improperly, another grievance may be submitted, though the new grievance must comply with all requirements, including the seven-day time limitation. Inmates who need assistance in submitting a grievance or understanding the process can speak to Jail staff. Inmates who are on suicide watch status may submit a grievance by requesting the appropriate form and a pencil during their hour out of their cell. If the severity of the inmate's status is such that he or she is not allowed pencil and paper under any circumstance, the inmate may submit a grievance with the assistance of Jail staff who can fill in the form for the inmate.

### 3.3 Relevant Facts

Without any filings from Plaintiff, Court must rely on the Plaintiff's pleadings to explain his claims and the allegations underlying them. Plaintiff's complaints are centered on his self-harming behavior while incarcerated at the Jail. (Docket #55 at 2-3). Though the allegations are vague as to a precise time frame, Plaintiff recounts particular self-harming incidents on October 6, November 20, and November 21, 2015. (Docket #21 at 3-5). Defendant Christopher Schmaling ("Schmaling") is the Racine County Sheriff, and the other defendants are Jail personnel. Plaintiff was permitted to proceed on three claims:

1) Deliberate indifference to his serious medical needs, namely his risk of suicide, in violation of the Eighth Amendment, against all Defendants;

2) Being treated differently than other similar inmates with respect to suicide prevention, in violation of the Equal Protection Clause of the Fourteenth Amendment, against all Defendants; and

3) A claim leveled against Schmaling in his official capacity regarding policies and practices at the Jail which contributed to Plaintiff's self-harming behavior, including poorly designed cells, inadequate searches for potential weapons, and housing other inmates near Plaintiff who goaded him into self-harm.

(Docket #55 at 3-4).

Defendants' motion supplies the remaining material facts. Plaintiff was housed in the Jail from August 19, 2015 until June 29, 2016. During that time, he did not file a grievance consistent with the above-described procedures for any of the claims alleged in this lawsuit. In his discovery responses, Plaintiff admitted as much with respect to the October 6, 2015 incident and his Equal Protection claim. However, Plaintiff's discovery responses assert that he did file grievances related to the November 20 and 21, 2015 incidents and the circumstances surrounding those incidents. He produced documents which he identified as those grievances, dated November 25, 2015.

There are a number of problems with those documents, though. They are not on the "Inmate Request" form, and they lack required information such as Plaintiff's housing assignment. The November 25

grievances were never received by Jail staff, as evidenced by the lack of a receiving officer's initials, badge number, and date. According to Jail rules, Plaintiff could not appeal those grievances because they were not properly submitted.

Defendants also question the date of the grievances. Plaintiff was either in an emergency restraint chair or on suicide watch for the entirety of November 25, 2015. Suicidal inmates are checked on approximately every fifteen minutes. At each interval, the observing guard logs the inmate's activities and condition. The activity log from November 25, 2015 does not reflect that Plaintiff was ever observed writing out grievances or giving them to Jail staff.

4. **ANALYSIS**

Plaintiff admits that he never attempted to grieve his second claim. As to the first and third, it appears that Plaintiff's November 25 grievances are fabricated. They are not on the proper form, lack required information, and do not bear evidence of receipt by Jail staff. For these reasons, the November 25 grievances were not appealable. Finally, on the date the grievances were allegedly drafted, Plaintiff was never seen writing them or handing them to a guard. Regardless of the authenticity of the November 25 grievances, it is undisputed that the Jail never received them. Necessarily, then, Plaintiff could not have appealed them to complete the Jail's grievance process. Plaintiff thus failed to exhaust his administrative remedies in accordance with Jail procedures. Pursuant to the PLRA, this requires dismissal of his lawsuit.

5. **CONCLUSION**

On the undisputed facts presented, Plaintiff failed to exhaust his administrative remedies. Defendants' motion must, therefore, be granted,

and this action dismissed without prejudice.[3] Plaintiff's October 12, 2017 motion for sanctions, (Docket #107), and his November 20, 2017 motion to dismiss, (Docket #126), will be denied as moot.

Accordingly,

**IT IS ORDERED** that Plaintiff's motions for sanctions (Docket #107) and to dismiss (Docket #126) be and the same are hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment (Docket #110) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (Docket #101) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 22nd day of November, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

---

[3] Although it appears certain that Plaintiff will not be able to complete the grievance process for his claims at this late date, dismissals for failure to exhaust administrative remedies are always without prejudice. *Ford*, 362 F.3d at 401.